## Case No. 1,186.

BEARDSLEY et al. v. The METAMORA.

[N. Y. Times, April 16, 1864.]

District Court, S. D. New York. 1864.

COLLISION—STEAM AND SAIL—BURDEN OF PROOF

[1. Where a steamer collides with a sailboat, and injures her, and, on libel for damages, fails to show that the sailboat was in fault, the steamer is liable, especially where there is no evidence that the steamer had a lookout forward.]

[2. It is immaterial that the steamer reversed her engines, or even that she had a backward motion, before the collision took place, where she wrongfully came so near the sailboat that the latter must inevitably have come against her by the current, suction, or other force beyond her control.]

In admiralty.

Mr. Frisbie and Mr. Donohue, for libelants.
Mr. Haskett, for claimant.

Before BETTS, District Judge.

This was a libel filed by [Charles G. Beardsley et al.] the owners of the sloop Catlin to recover the damages occasioned to her by a collision with the steamboat in the harbor of New York. The collision happened in full daylight. The sloop was going on a southwesterly course across the East river from South ferry toward Bedloes' island, the wind being light from the southwest by west. The steamboat was coming out of the North river into the East river, thus crossing the general line of direction which the sloop was pursuing. There was the usual conflict of testimony as to the circumstances of the collision.

Held BY THE COURT: That as there was nothing in the way to prevent either from seeing the other, it is a legal presumption that they, in the exercise of their nautical obligations, had knowledge of the facts respecting their relative positions, which were necessary to the fulfillment of their several duties.

That the sloop was the privileged vessel under such circumstances, and the responsibility was cast upon the steamer to be so guided herself as that no injury should be inflicted by her on the sloop which was not caused essentially by culpable acts of omission or commission on the part of the latter.

That the sloop had little, if any, more than drifting way on her, and there is nothing in the evidence favoring the notion that she was placed before the wind in a way to intercept or embarrass the steamer in her true direction up the East river. It was accordingly at the peril of the steamer to avoid her.

That it is neither averred in the answer nor proved that the steamboat had any look-out stationed forward.

That the question is of minor importance whether the headway of the steamer had been completely checked by the reversal of her engine, or even whether she had received a backward motion before the actual collision took place. The result was injurious to the sloop, and the consequences are as chargeable to the steamer, if derived from her wrongful act in being placed so near the sloop as that the latter must inevitably come against her by force of the tide, or current, or suction, or other propelling forces out of her control, as if the injuries came from the direct and aggressive act and movement of the steamer.

That in cases of collision between vessels meeting each other, the one under canvas and the other under steam, the prima facie obligation lies with the steamer to prove that the fault of the collision is attributable to the sailing vessel, if she would free herself from liability.

That there is nothing in the proofs relieving the steamer from this well-established and most serviceable doctrine of the law, and that she fails to prove that the fault was attributable to the sloop.

Decree for libelants, with a reference to compute their damages.